```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARC S. SCHNEIDER, et al.,

                          Plaintiffs,

         -against-

DANBURY PHARMA, LLC, et al.,

                          Defendants.
----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2017 ★
LONG ISLAND OFFICE

ORDER
14-CV-7127 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

Before the Court is a May 5, 2017 Report and Recommendation ("R&R," ECF No. 36) from Magistrate Judge Lindsay recommending that the Court grant plaintiffs' request (ECF No. 35) to strike defendants' answer and enter a default judgment against them for failure to obtain replacement legal counsel. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of the R&R. (R&R at 2.) The date for filing any objections has since expired, and defendants have not filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and enters a default judgment against defendants.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure

to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error.   See *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although defendants waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety.   Accordingly,

IT IS HEREBY ORDERED that defendants' answer is stricken and that default judgment is entered against them.

IT IS FURTHER ORDERED that the Court refers this matter to Magistrate Judge Lindsay for a Report and Recommendation to address the issue of damages and other relief sought by plaintiffs.

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on defendants and file proof of service with the Court.

SO ORDERED

Joseph F. Bianco
United States District Judge

Dated:     June 17, 2017
           Central Islip, New York